Docusign Envelope ID: 48A2ABE7-A406-46CE-B8C0-E8F54EE2F1E8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSAL PROTECTION SERVICE, LLC D/B/A ALLIED UNIVERSAL SECURITY SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH TUCCIO,<br><br>Defendant. | Case No: 1:24-cv-05259<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION** |

Plaintiff Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Plaintiff" or "Allied Universal"), and Defendant Joseph Tuccio ("Defendant" or "Tuccio") stipulate to the entry of this Order for Permanent Injunction ("Stipulated Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1. This Court has Diversity Jurisdiction over this proceeding under 28 § U.S.C. §1332 in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court under 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to this suit concern contractual relationships with Allied Universal's clients' locations in Manhattan, which is inside this judicial district.

3. There exists a justiciable controversy concerning the terms of a restrictive covenant agreement between the parties and compliance therewith.

4. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Stipulated Order. Only for the purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

5. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest

Docusign Envelope ID: 46A2ABE7-A406-46CE-B8C0-E8F54EE2F1E8
Case 1:24-cv-05259-AS   Document 43   Filed 09/12/24   Page 2 of 3
Case 1:24-cv-05259-AS   Document 42   Filed 09/11/24   Page 2 of 3

the validity of this Stipulated Order.

## INJUNCTIVE RELIEF

6. **IT IS FURTHER ORDERED** that Defendant Tuccio be permanently enjoined from:

   a. Selling or providing any services or products to any Restricted Customers, including but not limited to Rudin Management Company, the Empire State Building, and Westfield, that are competitive with the contract security services provided by Plaintiff until January 20, 2025. Restricted Customers as used herein includes (1) any customer of Allied Universal with whom Tuccio had contact or communications at any time during his last twelve (12) months as an Allied Universal employee; (2) any customer of Allied Universal for whom Tuccio supervised Allied Universal's account or dealings at any time during his last twelve (12) months as an Allied Universal employee; and/or (3) any customer of Allied Universal about whom Tuccio obtained any Confidential Information (as defined in the Incentive Units Award Restrictive Covenant Agreement) during his last twelve (12) months as an Allied Universal employee.

   b. Using, sharing, disclosing, disseminating, or possessing any confidential information belonging to Allied Universal that Tuccio obtained while he was working for Allied Universal until January 20, 2028.

   c. Directly or indirectly hiring or soliciting any Allied Universal employee until January 20, 2025, including (a) hiring as an employee or as an independent contractor any person then-employed by Allied Universal; (b) recruiting, soliciting or encouraging any employee to leave his or her employment or engagement with Allied Universal; and/or (c) hiring, recruiting, or soliciting any person employed by Allied Universal at any point during Tuccio's last six (6) months Allied Universal.

Case 1:24-cv-05259-AS    Document 43    Filed 09/12/24    Page 3 of 3
Case 1:24-cv-05259-AS    Document 42    Filed 09/11/24    Page 3 of 3
Docusign Envelope ID: 48A2ABE7-A406-46CE-B8C0-E8F54EE2F1E8

d.  Causing, encouraging, or assisting any person or entity from engaging in any conduct that Tuccio is prohibited from engaging in personally pursuant to this paragraph and its subparts.

## ADDITIONAL PROVISIONS

9.  **IT IS FURTHER ORDERED** that, to the extent Defendant is in possession of any of Allied Universal's confidential information, or becomes aware of such possession in the future, he will alert Allied Universal and return and/or destroy any such information at Allied Universal's direction.

## CONTINUING JURISDICTION

10. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over the construction, modification, and enforcement of this Stipulated Order.

SO STIPULATED AND AGREED:

_____  
Matthew D. Crawford, Esq. (*pro hac vice*)  
Evan S. Weiss, Esq.  
Martenson, Hasbrouck & Simon LLP  
40 Exchange Place, Suite 1502  
New York, NY 10005  
(332) 345-2470  
mcrawford@martensonlaw.com  
eweiss@martensonlaw.com  
*Attorneys for Plaintiff*

DATED: September __12__, 2024

_____  
Justin R. Marino, Esq.  
Stevenson Marino LLP  
105 Maxess Road, Suite 124  
Melville, NY 11747  
(212) 939-7228  
jmarino@stevensonmarino.com  
*Attorneys for Defendant*

The Clerk of Court is respectfully requested to terminate all outstanding motions and to close this case.

_____  
Honorable Arun Subramanian  
United States District Judge

4